UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HAROLD THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 20 C 133 |
| | ) | |
| MARY BROWN and TRINA TAYLOR | ) | Judge Charles P. Kocoras |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants Mary Brown ("Brown") and Trina Taylor's ("Taylor") (collectively, "Defendants") Motion to Dismiss Plaintiff Harold Thompson's ("Thompson") complaint. For the following reasons, the Court will deny the motions.

## STATEMENT

For purposes of this motion, the Court accepts as true the following facts from the complaint. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All reasonable inferences are drawn in Thomas's favor. *League of Women Voters of Chicago v. City of Chicago*, 757 F.3d 722, 724 (7th Cir. 2014).

Plaintiff Thompson is a resident of Cook County, Illinois and worked for the Illinois Department of Employment Security ("IDES"). Defendant Brown was the

regional manager of IDES. Defendant Taylor was the Deputy Director of Services Delivery at IDES.

Thompson began working with the IDES in September 1998 as an adjudicator. Thompson's job required him to contact a claimant's employer to determine the cause of the termination of the claimant's employment. If the employer took the position that the claimant was not entitled to receive any benefits, the claimant then had an opportunity to respond to rebut the employer's position.

Thompson alleges that at a training session in 2015, IDES asked him and other adjudicators to reject claims where the employer took the position that the claimant was not entitled to benefits without giving the claimant an opportunity to respond. Thompson says that he complained about this new policy to Defendants with union representative Steve Holman present. Thompson alleges that after complaining to Defendants, he was subjected to a "variety of disciplinary actions, reprimands and suspensions."

On February 9, 2018, Thompson received a notification from his union that his employment with IDES was terminated effective February 12, 2018. Thompson alleges that the reasons provided to him for his termination and other disciplinary actions were related to his performance but were baseless. On October 13, 2018, Thompson's union agreed that Thompson would voluntarily resign by October 31, 2018, with no reinstatement rights as part of the resolution of a grievance filed by the union.

Based on these facts, Thompson filed his complaint on January 7, 2020. Thompson claims a violation of the First Amendment to the U.S. Constitution under 42 U.S.C. § 1983. Thompson alleges that Defendants violated his free speech rights by subjecting him to disciplinary actions and termination after complaining about the new IDES policy. Defendants moved to dismiss Thompson's complaint on July 16, 2020, arguing in part that service was improper under Federal Rule of Civil Procedure 4.

Rule 4(e) allows service to be made in one of three ways. First, a defendant can be personally given a copy of the complaint and summons. Fed. R. Civ. P. 4(e)(2); 735 ILCS 5/2-203(a)(1). Second, copies can be left at the defendant's abode with a person of suitable age and discretion. Fed. R. Civ. P. 4(e)(2). Third, if the defendant has an agent who is authorized by the defendant or by operation of law to receive service of process on the defendant's behalf, the complaint and summons can be personally given to that agent. *Id.* An agency of this kind does not typically arise through implication and is "intended to cover the situation where an individual actually appoints an agent for that purpose." *Schultz v. Schultz*, 436 F.2d 635, 637 (7th Cir. 1971). When a defendant challenges the sufficiency of service, the burden is on the plaintiff to affirmatively demonstrate that service was proper. *Robinson Engr. Co. v. Pension Plan & Trust*, 223 F.3d 445, 453 (7th Cir. 2000).

Defendants argue that service was improper because Thompson sent the summons and complaint to Defendants through the United States Postal Service by way

of certified mail. Thompson admits the service of process was improper under Rule 4 but asks the Court for an extension of time.

Rule 4 allows the Court to extend the time for service if the plaintiff shows good cause for failing to serve the defendant. Fed. R. Civ. P. 4(m); *Coleman v. Milwaukee Bd. Of School Directors*, 290 F.3d 932, 933 (7th Cir. 2002). Thompson argues that he was unable to properly serve Defendants because of the ongoing COVID-19 pandemic. The Court is mindful of the significant impact that the pandemic has had on the country, the City of Chicago, and the legal profession for over eight months. Therefore, in the interests of justice, the Court grants Thompson an additional 30 days to effectuate service on the Defendants. Because we lack jurisdiction over the case without proper service, we cannot address Defendants' arguments under Rule 12(b)(6). Accordingly, Defendants' motion to dismiss is denied.

## CONCLUSION

For the reasons mentioned above, the Court denies the Defendants' motion (Dkt. # 16). Thompson has 30 days from the date of this Order to effectuate proper service on the Defendants. Failure to do so will result in the dismissal of the case. Status is set for 12/17/2020 at 9:50 a.m. It is so ordered.

Dated: 10/20/2020

Charles P. Kocoras
United States District Judge

4