UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HAROLD THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 20 C 133 |
| | ) | |
| MARY BROWN and TRINA TAYLOR, | ) | Judge Charles P. Kocoras |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants Mary Brown and Trina Taylor's (collectively, "Defendants") Motion to Dismiss Plaintiff Harold Thompson's ("Thompson") Complaint. For the following reasons, the Court grants the motion.

## STATEMENT

Plaintiff Thompson worked as an adjudicator at the Illinois Department of Employment Security ("IDES") from September 1998 until his termination in February 2018. Thompson alleges IDES instructed him at a training session in 2015 to reject claims where the employer denied a claimant's entitlement to benefits without giving the claimant an opportunity to respond. Thompson says he was subjected to a "variety of disciplinary actions, reprimands and suspensions" after complaining to Defendants about this new policy. Thompson was terminated and alleges the performance-related reasons given for the disciplinary actions and his termination were baseless.

Based on these events, Thompson filed a single-count Complaint in this Court claiming a violation of the First Amendment under 42 U.S.C. § 1983. Thompson alleges that Defendants violated his free speech rights by subjecting him to disciplinary actions and termination after complaining about the new IDES policy. Defendants moved to dismiss Thompson's Complaint on July 16, 2020, arguing in part that service was improper under Federal Rule of Civil Procedure 4. The Court denied that motion finding that the onset of the COVID-19 Pandemic and related government ordered shutdowns affected Thompson's ability to properly serve Defendants. We thus gave Thompson 30 days to obtain proper service on the Defendants and declined to address the Defendants' remaining arguments due to lack of jurisdiction. Defendants now renew their motion.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not supply detailed factual allegations, but it must supply enough factual support to raise its right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be

described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

Thompson first argues that the Court has already denied the Defendants' motion on the merits and urges the Court to promptly do so again.[1] That is false. In our earlier Order we denied the motion solely based on our belief that Thompson showed good cause for failing to properly serve Defendants under Federal Rule of Civil Procedure 4(m). We did not address the remaining arguments because we did not have jurisdiction. It is well-settled that a federal district court does not have jurisdiction over a defendant if he or she has not been properly served. *See Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." (cleaned up)). Thus, we did not—and could not—address Defendants' arguments about the sufficiency of Thompson's allegations. We do so now.

---

[1] Thompson also asks that the Court award him attorneys' fees for briefing this motion. Thompson's request is meritless for the same reasons as this argument. Thus, his request for fees is denied.

To allege a First Amendment retaliation claim, Thompson must allege that "(1) he engaged in activity protected by the First Amendment, (2) he suffered a deprivation that would likely deter First Amendment activity in the future, and (3) the First Amendment activity was 'at least a motivating factor' in the Defendant's decision to take the retaliatory action." *145 Fisk, LLC v. Nicklas*, 986 F.3d 759, 766 (7th Cir. 2021) (cleaned up); *see also Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). While these elements are an evidentiary requirement, not a pleading standard, "this requirement lends guidance to the Court's determination whether a plaintiff has sufficiently alleged his first amendment retaliation claim at the motion to dismiss stage." *Wheeler v. Piazza*, 2018 WL 835353, at *3 (N.D. Ill. 2018) (Dow, J.). Defendants argue that Thompson does not allege the third element—that his First Amendment activity was a motivating factor in his termination. Specifically, Defendants say that Thompson's three-year gap between his protected speech and termination cannot support an inference of retaliation.

Thompson's relatively bare-bones Complaint merely alleges that he complained about the new policy in 2015, he was fired three years later in 2018, and at some point in between he was subjected to a "variety of disciplinary actions, reprimands and suspensions." Thompson does not allege the timing of those actions, the nature of those actions, or any other facts tying his alleged protected speech in 2015 to his termination in 2018.

"A retaliation claim can indeed be so bare-bones that a lengthy time period between the protected activity and the alleged retaliation will make any causal connection between the two implausible. If the best a plaintiff can do is allege that he engaged in protected activity and then, years later, the employer took an adverse action against him, the claim may not be permitted to proceed." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014); *see also Kidwell v. Eisenhauer*, 679 F.3d 957, 967 (7th Cir. 2012) ("Based on our case law, . . . extended time gaps alone militate against allowing an inference of causation based on suspicious timing."). Here, the three-year gap, without more, is insufficient for the Court to infer that Thompson's firing was because of his protected speech. *See Ghiles v. City of Chi. Heights*, 2016 WL 561897, at *2 (N.D. Ill. 2016) (Shah, J.). (dismissing First Amendment retaliation claim because six-month gap, without more, was too long to support claim); *Schlessinger v. Chi. Housing Auth.*, 2012 WL 5520848, at *8 (N.D. Ill. 2012) (Gottschall, J.) (dismissing First Amendment retaliation claim because a two-year gap "defeats any inference that Defendants acted in retaliation for" the plaintiff's protected speech); *see also Wheeler*, 2018 WL 835353, at *4 (collecting cases). Thus, Thompson's complaint does not sufficiently allege that he was terminated because of his protected speech. Accordingly, Defendants' motion is granted.

## CONCLUSION

For the reasons stated above, the Court grants the Defendant's motion to dismiss (Dkt. # 28). Civil case terminated. It is so ordered.

Dated: 6/3/2021

Charles P. Kocoras
United States District Judge